Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin L. Perkins; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Bank of America, National Association, | (Jury Trial Demanded) |
| Defendant. | |

**Preliminary Statement**

1.      On one or more occasions Defendant obtained the Plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunctive relief.

**Jurisdiction and Venue**

2.      Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3.    Venue is proper in this District under 28 U.S.C. § 1391(b), and in that the Defendant's conduct complained of occurred in the District.

**Parties**

4.    Plaintiff is an individual who resides in Pima County, Arizona.

5.    Defendant Bank of America, National Association is a national charted bank doing business within the state of Arizona.

**Factual Allegations**

***The Impermissible Access***

6.    On October 31, 2014, Bank of America accessed or obtained a consumer report (hereinafter "credit report" or "consumer report") on Mr. Perkins from Trans Union, LLC, a national consumer reporting agency.

7.    Bank of America's stated purpose for requesting the credit report was "account review."

8.    All the account(s) Mr. Perkins' has had with Bank of America were included in a Chapter 7 bankruptcy case filed June 28, 2010, and discharged on February 6, 2011.

9.    At the time of the inquiry, Mr. Perkins had no active or open accounts with Bank of America to review.

10.   Bank of America was notified of Mr. Perkins' bankruptcy filing by the bankruptcy court.

11.   Bank of America was notified of Mr. Perkins' bankruptcy discharge by the bankruptcy court.

12.   Bank of America did not have a permissible purpose for making the credit report inquiry on Plaintiff on October 31, 2014.

13.   At the time Bank of America made its inquiry, Bank of America knew

- 2 -

1      that all accounts it previously had with Mr. Perkins were closed.

2    14.    At the time Bank of America made its inquiry, Bank of America knew

3      that all accounts it previously had with Mr. Perkins were included and

4      discharged in Mr. Perkins' Chapter 7 bankruptcy.

5    15.    At the time Bank of America made its inquiry, Bank of America knew

6      that its stated purpose for obtaining Mr. Perkins' credit report was

7      false.

8    16.    At the time Bank of America made its inquiry, Bank of America knew

9      that it did not have a permissible purpose to access Mr. Perkins' credit

10      report.

11    17.    Upon information and belief, at the time Bank of America obtained

12      Plaintiff's credit report on October 31, 2014,  Bank of America had a

13      policy of regularly ignoring the bankruptcy discharge of its prior

14      customers and regularly obtained credit reports under the guise of an

15      "account review."

16                     ***Other Impermissible Accesses***

17    18.    Upon information and belief, Bank of America accessed Mr. Perkins'

18      consumer report one or more times between February 20, 2012 and

19      February 13, 2015 without a permissible purpose.

20                     **Count I.   Violation of FCRA**

21            ***Obtaining Consumer Report by Use of False Pretenses***

22    19.    Plaintiff incorporates the preceding paragraphs.

23    20.    Bank of America knowingly and willfully used deception and false

24      pretenses to obtain Mr. Perkins' consumer report, by falsely represent-

25      ing or certifying that the report was being obtained for a permissible

1    purpose.

2    21.    Bank of America's conduct in obtaining Mr. Perkins' credit report

3           under false pretenses violates 15 U.S.C. §1681q.

4           WHEREFORE, the plaintiff requests that this Court enter judgment in

5    his favor and against defendant Bank of America as follows:

6           a.    pursuant to 15 U.S.C. § 1681n(a)(1)(B), award him actual dam-

7                 ages, or $1,000 for each access of his credit report obtained by

8                 false pretenses, whichever is greater;

9           b.    pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive dam-

10                ages as the Court deems appropriate;

11          c.    pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action

12                and reasonable attorney fees; and

13          d.    grant such other and further relief as the court deems just and

14                proper.

15                          **Count II.   Violation of FCRA**

16          ***Knowingly Obtaining Consumer Report Without a Permissible Purpose***

17   20.    Plaintiff incorporates the preceding paragraphs.

18   21.    Bank of America acted knowingly in requesting  and obtaining Mr.

19          Perkins' credit report without a permissible purpose.

20   22.    Bank of America's conduct in knowingly obtaining Mr. Perkins' credit

21          report without a permissible purpose therefore violated 15 U.S.C.

22          §1681b(f).

23          WHEREFORE, the plaintiff requests that this Court enter judgment in

24   his favor and against defendant Bank of America as follows:

25          a.    pursuant to 15 U.S.C. § 1681n(a) (1) (A), award him actual

- 4 -

damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

b.    pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

c.    pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

d.    grant such other and further relief as the court deems just and proper.

### Count III.   Violation of FCRA

***Willfully Obtaining Consumer Report Without a Permissible Purpose***

23.   Plaintiff incorporates the preceding paragraphs.

24.   Bank of America acted willfully in requesting and obtaining Mr. Perkins' credit report without a permissible purpose.

25.   Bank of America's conduct in willfully obtaining Mr. Perkins' credit report without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Bank of America as follows:

a.    pursuant to 15 U.S.C. § 1681n(a) (1) (A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

b.    pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

1    c.    pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action

2          and reasonable attorney fees; and

3    d.    grant such other and further relief as the court deems just and

4          proper.

5                              **Demand for Jury Trial**

6    Plaintiff hereby demands a jury trial on all issues so triable.

7

8    RESPECTFULLY SUBMITTED:   February 19, 2015  .

9

10                           s/ Floyd W. Bybee
                             Floyd W. Bybee, #012651
11                           **BYBEE LAW CENTER, PLC**
                             90 S. Kyrene Rd., Ste. 5
12                           Chandler, AZ 85226-4687
                             Office: (480) 756-8822
13                           Fax: (480) 302-4186
                             floyd@bybeelaw.com
14
                             Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25